IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROEHL TRANSPORT, INC.,

    Plaintiff,                                                   ORDER

    v.                                                         16-cv-653-wmc

ADAM STEIN and OMNI SPECIALIZED, LLC,

    Defendants.
_____

       The court is in receipt of plaintiff's motion for a temporary restraining order. (Dkt. #2.) Pursuant to Federal Rule of Procedure 65(b)(1), the court may not issue a temporary restraining order without notice to the adverse party unless: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." (Emphasis added.) Accordingly, in addition to showing the need for immediate relief, plaintiff must either make the showing required under Rule 65(b)(1)(B) or promptly file proof of actual notice of the summons, complaint, motion for a temporary restraining order and support documents. *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012) (permitting the district court to issue temporary restraining order before formal service of process when the adverse party and its counsel had actual notice of the hearing on the motion).

       Plaintiff's recently-filed "Certificate of Service" is apparently intended to satisfy this requirement (dkt. #23), although it does not without reference to the complaint and

affidavits supporting the motion for TRO.  First, the certificate shows no effort to accomplish any form of service on, or even provide direct notice to, either of the named defendants themselves, but rather to provide copies to two outside attorneys, who plaintiff's counsel represents are "counsel of record."  On its face, this is wrong, since no attorney has yet filed a notice of appearance (or other document) in this case on behalf of either defendant.  What plaintiff's counsel no doubt meant to say is that each attorney represents one of the respective defendants with respect to the current dispute, since this is reflected in correspondence between counsel leading up to the filing of this lawsuit, which is attached to the complaint itself.

Based on this correspondence, plaintiff's counsel has made a good faith showing that delivery of copies of its motion and supporting papers to these attorneys by email was the most effective means to provide prompt notice of its motion.  Plaintiff may have until noon (CST) tomorrow to file an affidavit that:  (1) email delivery of this order was also sent to Attorneys Meikle and Binder; and (2) follow up calls have been made to both attorneys to assure their receipt of these filings and the court's order, as well as giving oral notice of the hearing scheduled to proceed tomorrow as set forth below; and (3) absent a written waiver of formal service, advising the court what steps have been taken to accomplish actual service of  the complaint, TRO motion and supporting documents, and this order at the principal place of business of defendant Omni Specialized, LLC, *and* the residence of defendant Adam Stein.

Provided this affidavit is timely filed, the court will hold a telephonic hearing on plaintiff's motion for a temporary restraining order at 2:00 p.m. tomorrow.  Plaintiff's

counsel shall be responsible for initiating that call, including facilitating in good faith the inclusion of Attorneys Meikle and Binder, as well as anyone who may wish to appear on behalf of either defendant.

Entered this 28th day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge